**United States District Court**
For the Northern District of California

1

2

3

4
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
5

6

7

8
PACIFIC HEALTH ADVANTAGE
dba PAC ADVANTAGE,

9
        Plaintiff,                   No. C 07-1565 PJH

10
        v.                      **ORDER GRANTING MOTION
TO TRANSFER**

11
CAP GEMINI ERNST & YOUNG U.S.
LLC,

12

13
        Defendant.
_____/

14
      The motion of defendant Capgemini U.S. LLC, formerly known as Cap Gemini Ernst

15
& Young U.S. LLC ("Capgemini"), for an order dismissing the complaint pursuant to Federal

16
Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, for an order

17
pursuant to 28 U.S.C. § 1406(a) transferring the case to the Southern District of New York,

18
came on for hearing before this court on May 2, 2007.  Plaintiff Pacific Health Advantage

19
("PacAdvantage") appeared by its counsel Jennifer J. Capabianco, and Capgemini

20
appeared by its counsel Amanda L. Groves.  Having read the parties' papers and carefully

21
considered their arguments and the relevant legal authority, and good cause appearing, the

22
court hereby GRANTS the motion to transfer, as follows and for the reasons stated at the

23
hearing.

24
      In its motion, Capgemini argues that venue in this district is improper based on the

25
forum selection clause in the contract between the parties.  The contract provides, in

26
relevant part, that "any action asserting a claim by one party against the other party hereto

27
arising out of or relating to this Agreement or the Services must be brought in the state or

28
federal court for the county or district wherein the party against which the claim is brought

1  has its principal place of business." Capgemini is a Delaware limited liability company with

2  its principal place of business in New York.  The principal place of business of the two

3  members of the LLC is also New York.

4      Parties may by contract designate a forum in which litigation is to take place.

5  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).  The presence of a forum

6  selection clause may provide a basis for dismissal for improper venue pursuant to Rule

7  12(b)(3).  Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

8      In addition to seeking transfer under Rule 12(b)(3), a defendant may seek dismissal

9  or transfer under 28 U.S.C. § 1406 when the action is pending in the wrong venue.  See

10  Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2006) § 4:152.

11  Under § 1406, "[t]he district court of a district in which is filed a case laying venue in the

12  wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case

13  to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); see

14  Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 & n.4 (9th Cir. 2000).

15      Under Ninth Circuit law, federal courts sitting in diversity apply federal law to the

16  question whether a forum selection clause is valid.  Manetti-Farrow, Inc. v. Gucci America,

17  Inc., 858 F.2d 509, 513 (9th Cir. 1988); Google, Inc. v. Microsoft Corp., 415 F.Supp. 2d

18  1018, 1022 (N.D. Cal. 2005).  Under federal law, forum selection clauses are presumed

19  valid, and a party seeking to invalidate such a clause bears a heavy burden of proof.  M/S

20  Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 17 (1972).

21      In general, a forum selection clause may be invalidated if (1) the inclusion of the

22  clause was the product of fraud, undue influence, or overreaching; (2) enforcement of the

23  clause would be so fundamentally unfair and seriously inconvenient to one party that it

24  would effectively deprive that party of its day in court; or (3) enforcement of the clause

25  would contravene a strong public policy of the forum in which the suit is brought.  See

26  Carnival Cruise Lines, 499 U.S. at 595; Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133,

27  1140 (9th Cir. 2004).

28      The court finds that PacAdvantage has not established that any of the above-cited

United States District Court

For the Northern District of California

1    factors warrant a finding that it should be invalidated.  First, with regard to fraud and

2    overreaching, a party opposing the enforcement of a forum selection clause must establish

3    that the forum selection clause itself (as opposed to the entire contract) was obtained

4    through fraud.  See Argueta, 87 F.3d at 325.  Here, PacAdvantage attempts to argue that

5    the entire contract was obtained through fraud, but provides no evidence that the forum

6    selection clause was the product of fraud.

7        PacAdvantage also asserts that the fact that it was given no opportunity to bargain

8    for the forum selection clause "illustrates undue influence and fraud" on the part of

9    Capgemini.  However, the Supreme Court has made clear that unequal bargaining power

10   and non-negotiation of a forum-selection clause are not enough to negate the clause.

11   Carnival Cruise Lines, 499 U.S. at 595.

12       Second, with regard to deprivation of the party's day in court, the fact that a foreign

13   forum poses some inconvenience does not prevent enforcement of a forum selection

14   clause.  Fireman's Fund Ins. Co. v. M.V. DSR Atlantic, 131 F.3d 1336, 1339 (9th Cir.

15   1997).  Where the inconvenience of the forum was foreseeable at the time of contracting,

16   the party seeking to invalidate the forum selection clause must show that the forum will be

17   so inconvenient and prohibitive as to deprive that party of its "meaningful day in court."

18   Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 281 (9th Cir. 1984);

19   see also M/S Bremen, 407 U.S. at 18.

20       Here, PacAdvantage argues that a New York forum would be inconvenient.

21   PacAdvantage claims that requiring all potential witnesses and parties to travel to New

22   York, when the only relationship this case has with New York is that New York is

23   Capgemini's principal place of business, demonstrates that New York is an "inconvenient

24   forum."  PacAdvantage asserts that "all the parties are located on Northern California"

25   (based on the fact that PacAdvantage is a California corporation and that Capgemini

26   negotiated the contract by its agent in Northern California); that it would be extremely costly

27   for PacAdvantage to have to "transport every potential witness" to New York; and that

28   PacAdvantage is an "inactive" company that lacks the funds to "fly many individuals back

3

1  and forth across the country to prosecute and action that arose based on a contract that

2  was executed and performed entirely in Northern California."

3        PacAdvantage provides no evidence in support of its argument that it would be

4  seriously inconvenienced if forced to litigate in New York.  Moreover, even if the court

5  credits this claim, it is not enough for PacAdvantage to meet its burden of showing that it

6  would be effectively deprived of its day in court were the clause enforced.  Murphy, 362

7  F.3d at 1140; see also Talatala v. Nippon Yusen Kaisha Corp., 974 F.Supp. 1321, 1326 (D.

8  Haw. 1997).  While financial ability is one basis upon which a party can assert that a forum

9  selection clause is unenforceable, see Murphy, 362 F.3d at 1141-42, cases where courts

10  have found the burden met involved a much greater hardship than PacAdvantage claims

11  here and did not involve only a financial hardship.  See, e.g., id. at 1142; see also Walker v.

12  Carnival Cruise Lines, 107 F.Supp. 2d 1135, 1138 (N.D. Cal. 2000).

13        Finally, with regard to public policy, PacAdvantage argues that "it is contrary to

14  public policy" to permit Capgemini "to fail to perform to the expectation of the contract and

15  then to effectively prevent PacAdvantage from their day in court by upholding an improper

16  forum clause."  However, PacAdvantage does not explain what public policy it is relying on,

17  and does not identify the source of this alleged public policy.  Moreover, there plainly is a

18  public policy that strongly favors the enforcement of forum-selection clauses.  Argueta, 87

19  F.3d at 325.

20        In accordance with the foregoing, the court finds that PacAdvantage has not met its

21  burden of showing that the forum-selection clause should be invalidated.  Therefore,

22  Capgemini's motion is GRANTED, and this case shall be transferred to the Southern

23  District of New York.

24

25  **IT IS SO ORDERED.**

26  Dated: May 2, 2007

27                                                                    _____
                                                                      PHYLLIS J. HAMILTON
                                                                      United States District Judge

28

4